## CLEVE. WIND. GLASS CO. v. NAT. SURETY CO.

Ohio Supreme Court.

No. 20664. Decided April 18, 1928.

625. INDEMNITY BONDS—Rules of Construction—Ambiguity.

1. Construction of to be reasonable, to carry out expressed intention of parties.

2. One not a party thereto nor designated therein, should not be a beneficiary, unless it clearly appears, from terms, to be so intended.

3. If terms are ambiguous, and susceptible of two interpretations, the one which affords greater indemnity should be adopted.

Error to Cuyahoga Appeals.

Judgment affirmed.

MATTHIAS, J.

A bond of indemnity should receive a reasonable construction in order to carry out the intention of the parties as expressed by the language used. Such bond cannot be held to inure to the benefit of one not a party thereto nor designated therein unless it clearly appears from its terms that it was intended that such party should be the beneficiary thereof, or the terms employed therein are ambiguous and susceptible of two interpretations which seem equally fair, in which event that interpretation should be adopted which affords the greater indemnity.

(Kinkade, Robinson and Jones, JJ., concur. Day, J., not participating.)

---

## STATE, etc. ex Bredwell et v.

## Hershner et.

Ohio Supreme Court.

No. 20665. Decided April 18, 1928.

291. CONSTITUTIONAL LAW.

Sect. 1465-74 GC. (103 OL. 82) imposing penalty upon non complying employer is unconstitutional and void. Third proposition of syllabus of DeWitt v. State, 108 OS. 513 disapproved.

158. EMPLOYER'S LIABILITY—1002. Receivers.

Irrespective of 1465-74 GC., dependants have right to present award to receiver and, if refused allowance, can, by leave of court, procure adjudication on validity. Afterwards, on question of priority, may be heard upon distribution of assets.

Error to Butler Appeals.

Judgment reversed and cause remanded.

JONES, J.

1. The clause contained in Section 1465-74, General Code (103 O. L. 82, Sec. 27), imposing a 50% penalty on an employer in addition to the statutory award, is unconstitutional and void. On that feature the third proposition of the syllabus in DeWitt v. State, ex rel, 108 Ohio St., 513, is disapproved.

2. An award was made against a non-complying employer by the Industrial Commission in favor of dependents. This was presented to the receiver in custody of the employer's assets and payment from the assets in his possession refused. Thereafter, intervening in the same court appointing the receiver, the dependents brought suit against both employer and receiver, basing their claim on said award and its disallowance by the receiver. No service was, made upon the employer nor did he enter an appearance therein.

HELD: That, irrespective of Section 1465-74, General Code, the dependents had a right to present their award to the receiver; and if refused allowance they could, by leave of the court appointing him, procure an adjudication on its validity. Afterwards, on questions of priority, they could be heard upon the distribution of the assets of the employer among the various claimants thereto.

(Marshall, CJ., Day, Kinkade, Robinson and Matthias, JJ., concur. Allen, J., concurs in proposition 2 of the syllabus and in the judgment.)

---

## COMMONWEALTH CAS. CO. v. HEADERS.

Ohio Supreme Court.

No. 20625. Decided April 18, 1928.

647. INSURANCE—Liability.

Policy indemnifying against loss by reason of judgments by parties accidentally injured by reason of negligent operation of motor vehicles, does not require insurer to defend against action arising out of wilful assault and battery by employe of insured.

Error to Cuyahoga Appeals.

Judgment reversed.

KINKADE, J.

An insurance policy which undertakes to indemnify the insured against loss by reason of judgments recovered against the insured by parties accidentally injured, either in person or property, by reason of the negligent operation only of motor vehicles belonging to and operated by the insured, and which further obligates the insurer to bear the expense of defending such actions seeking such recoveries from the insured, does not require the insurer to defend actions for the recovery of damages based not on negligence connected with the operation of the motor vehicles, but arising out of a wilful and intentional assault and battery inflicted upon the party injured, plaintiff in the action, by a driver in the employ of the insured, nor does such policy obligate the insurer to refund to the insured attorneys' fees paid by the insured for professional services rendered in making such defense.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.)